Civil action to recover 1934 annual premium on insurance policy paid under protest.
The facts are these:
1. On 26 February, 1919, the defendant issued to the plaintiff a policy of insurance containing, among other things, the following provisions:
"TOTAL AND PERMANENT DISABILITY BENEFITS.
"Whenever the company receives due proof, before default in the payment of premium, that the insured, before the anniversary of the policy *Page 46 
on which the insured's age at nearest birthday is 60 years and subsequent to the delivery hereof, has become wholly disabled by bodily injury or disease so that he is and will be presumably thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, and that such disability has then existed for not less than sixty days . . .
"(1) Waiver of Premium. Commencing with the anniversary of the policy next succeeding the receipt of such proof, the company will on each anniversary waive payment of the premium for the ensuing insurance year," etc.
2. The annual premiums on said policy have been duly paid up to and including the premium of $75.60 due 26 February, 1934, which was paid under protest, because at that time, it is alleged, the plaintiff was "less than sixty years of age and has become wholly disabled by disease so that he is now and will be presumably thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, and such disability has existed for more than sixty days prior to the commencement of this action, which was instituted 19 April, 1934."
3. On appeal to the Superior Court, a jury trial was waived and the court found the facts as alleged by the plaintiff.
From a judgment for the plaintiff the defendant appeals, assigning errors.
The demurrer to the evidence was properly overruled on authority of the first Mitchell case, 205 N.C. 721, 172 S.E. 497. But the facts found by the court are insufficient to support the judgment, in that it is not made to appear when the defendant received due proof of plaintiff's disability, and that such disability had then existed for not less than sixty days, as provided by the policy. Hundley v. Ins. Co., 205 N.C. 780,172 S.E. 361; Rhyne v. Ins. Co., 199 N.C. 419, 154 S.E. 749; Guy v. CasualtyCo., 151 N.C. 465, 66 S.E. 437. Hence, the cause will be remanded for further proceedings as to justice appertains and as the rights of the parties may require.
Error and remanded. *Page 47