EDITH FERGUSON REES v. JEFFERSON STANDARD LIFE
INSURANCE COMPANY.

(Filed 1 November, 1939.)

**1. Insurance § 30a—**

The nonpayment of a premium when due, or within the period of grace thereafter, in the absence of some extension or waiver, automatically avoids a policy of insurance.

**2. Insurance § 30d—Evidence held not to show disability waiving payment of premiums under the terms of the policy.**

The provisions of a disability clause that payment of premiums should be waived upon due proof furnished insurer during the lifetime of insured of disability existing for six or more consecutive months, cannot be held a waiver of premiums when it appears that insured died less than six months after the inception of the disability claimed and that proof thereof was not furnished the company during the lifetime of insured.

**3. Appeal and Error § 39d—**

   The exclusion of the death certificate of insured, offered for the purpose of showing the cause of death, *held* not reversible error, it not appearing whether the cause of death was stated therein as a fact or as an opinion, the certified copy of such record being *prima facie* evidence of the facts stated therein but not conclusions or opinions expressed therein, C. S., 7111, and it further appearing that the cause of death was not perforce material.

APPEAL by plaintiff from *Bobbitt, J.,* at July Term, 1939, of LINCOLN. Civil action to recover on a policy of life insurance.

Upon receipt in advance of the first quarterly premium of $14.48, the defendant, on 14 January, 1938, issued to Henry E. Rees a $2,000 life insurance policy, payable to his wife, the plaintiff herein, as beneficiary.

The parties have agreed that the second quarterly premium due 14 April, 1938, was not paid; and that neither the insured nor anyone on his behalf ever furnished any notice or due proof of disability prior to insured's death on 1 September, 1938, at the age of 39 years.

It is stipulated in the policy that "premiums or installments thereof" will be waived, if the company shall be furnished in the lifetime of the insured, prior to his reaching the age of 60, and during the period of disability, "with due proof that the insured has become totally disabled by bodily injuries or disease occurring or commencing subsequent to the issuance of this policy and while the policy is in full force and effect and that he has been continuously and wholly prevented thereby for six or more consecutive months from engaging in any occupation or employment whatsoever for remuneration or profit."

It is in evidence that the insured was totally unable to work, or to carry on any business, from 8 April, 1938, until his death on 1 September following. It is further in evidence that the insured did work as a pharmacist continuously from November, 1937, until the latter part (after the middle) of March, 1938.

From judgment of nonsuit entered at the close of plaintiff's evidence, she appeals, assigning errors.

*M. T. Leatherman, G. T. Carswell, and Joe W. Ervin for plaintiff, appellant.*

*Smith, Wharton & Hudgins and Kemp B. Nixon for defendant, appellee.*

STACY, C. J. It is generally understood that the nonpayment of a premium when due, or within the period of grace thereafter, in the absence of some extension or waiver, automatically avoids a policy of insurance. *Allen v. Ins. Co.,* 215 N. C., 70, 1 (2d) S. E., 94. The

parties seem to have assumed that the policy in suit was, by its terms, forfeited by the nonpayment of the quarterly premium due 14 April, 1938, unless waived, as the case has been presented solely upon the question of waiver.

It is in evidence that the insured was totally unable to work, or to carry on any business, from 8 April, 1938, until his death on 1 September, following. However, this disability was not continuous for "six or more consecutive months" and due proof thereof furnished the company "during the lifetime of the insured," as required by the terms of the policy as a condition precedent to the waiver of premiums. *Wyche v. Ins. Co.*, 207 N. C., 45, 175 S. E., 697. From 8 April to 1 September of the same year is less than six months. "It is not deemed relevant to discuss the meaning of the six months' clause or for what reason it was inserted in the contract. It is there in plain English"—*Brogden, J.*, in *Hundley v. Ins. Co.*, 205 N. C., 780, 172 S. E., 361.

Exception is also taken to the exclusion of the death certificate of the insured, offered for the purpose of showing that he died of "cancer of the esophagus." Copy of the certificate is not in the record, and it does not appear whether the cause of death was stated therein as a fact or as an opinion. The statute, C. S., 7111, provides that a properly certified copy of such record shall be admissible in all courts and places as *prima facie* evidence of the *facts* therein stated. It does not provide that opinions or conclusions expressed therein shall be *prima facie* proof of the fact to be determined upon the trial of such issue. *Ins. Co. v. Brockman*, 3 S. E. (2d), (Va.) 480. Moreover, the cause of insured's death was not perforce material to the inquiry.

The judgment of nonsuit would seem to be correct.

Affirmed.