RUTH SUTTON CAULEY v. GENERAL AMERICAN LIFE INSURANCE COMPANY.

(Filed 9 April, 1941.)

**1. Insurance § 30a—**

Nonpayment of a premium when due, or within the period of grace thereafter, in the absence of some extension or waiver, automatically avoids a policy of insurance.

**2. Insurance § 30c: Payment § 2—**

The giving of a worthless check is not payment.

**3. Same—Whether check was wrongfully dishonored and final payment thereon is still rightfully available from bank held for jury.**

Insured, in accordance with custom, sent his check in payment of premium, which payment would have kept his certificate in force until after his death. A premium receipt conditioned upon "final cash returns" on the check was issued. The check was returned by the bank for "insufficient funds," but the beneficiary contended upon supporting evidence that the bank wrongfully dishonored the check because of a prior unauthorized debit entered against insured's account. *Held:* If the bank wrongfully returned the check, "final cash returns" are still rightfully available thereon, and therefore the question should have been submitted to the jury for the determination of the rights of the parties in accordance with its verdict, and the granting of insurer's motion to nonsuit was error.

APPEAL by plaintiff from *Bone, J.,* at November Term, 1940, of LENOIR.

Civil action to recover on certificate of group insurance issued by defendant to David P. Cauley, as a member of the Federal-Postal Employees Association of Denver, Colorado, and payable to plaintiff as beneficiary.

The certificate in suit, Certificate No. 39628, provides that, subject to all the terms and conditions of Group Policy No. IN-204164, issued by the defendant and delivered to The Federal-Postal Employees Association of Denver, Colorado:

"The life of David P. Cauley (the member) is Insured for the sum of Three Thousand Dollars Payable to Ruth Sutton Cauley, wife, bene-

CAULEY v. INSURANCE CO.

ficiary, if death shall occur during the continuance of said Group Life Policy and while the Member is a Member in good standing in the Association and the insurance represented by this certificate is in force."

The insured died on 15 September, 1939. It is conceded that his death occurred during the continuance of the group policy and while he was a member in good standing in the Association. In the court below, the case was made to turn on whether the insurance represented by the certificate in suit was in force at the time of the death of the insured.

A semiannual premium of $21.38 was due on 1 August, 1939. Within the grace period thereafter, to wit, on 30 August, the insured sent the Association his check for the amount of said semiannual premium, drawn upon the First-Citizens Bank & Trust Company of Kinston, N. C. This check was received by the Association in Denver on 5 September, and conditional receipt was issued therefor, reciting that "such tender of payment is received by the Association for collection only and subject to final cash returns to the Association."

The check reached the bank in Kinston on 12 September, and was returned marked "not sufficient funds."

Notice of dishonor reached the Association in Denver on 15 September, several hours after the death of the insured. A letter addressed to the insured was written on the same day enclosing the remittance with the statement that it had been returned for insufficient funds, and continuing: "The grace period has expired, however, if we receive your remittance by return mail we may be able to secure your reinstatement without a new application."

The insured customarily paid his premiums by check.

The insured deposited $21.38 in the First-Citizens Bank & Trust Company on 1 September, 1939, to cover his insurance premium check, and would have had this amount to his credit when said check was presented, but for a debit of $5.25 charged against his account on 4 September. The plaintiff alleges that this debit was unauthorized, as it was made without the knowledge or consent of David P. Cauley, and resulted from the changing of a check in this amount drawn on the Branch Banking & Trust Company on 13 July, 1939, and made payable to H. Stadiem. This check apparently bears the notation: "(This check changed from Branch Banking & Tr. Co.)." It is signed "D. P. Cauley," whereas the deposit in said bank was in the name of "David P. Cauley."

From judgment of nonsuit entered at the close of all the evidence, the plaintiff appeals, assigning errors.

*J. A. Jones* for plaintiff, appellant.
*Smith, Wharton & Jordan* for defendant, appellee.

STACY, C. J. It is generally understood that the nonpayment of a premium when due, or within the period of grace thereafter, in the absence of some extension or waiver, automatically avoids a policy of insurance. *Rees v. Ins. Co.,* 216 N. C., 428, 5 S. E. (2d), 154; *Allen v. Ins. Co.,* 215 N. C., 70, 1 S. E. (2d), 94. This was the theory upon which the case was tried, and it is the basis of the nonsuit. *Williamson v. Ins. Co.,* 212 N. C., 377, 193 S. E., 273. It is also understood that the giving of a worthless check is not payment. *Hayworth v. Ins. Co.,* 190 N. C., 757, 130 S. E., 612. Nor is the case of *Ferrell v. Ins. Co.,* 210 N. C., 831, 187 S. E., 575; *S. c.,* 208 N. C., 420, 181 S. E., 327; *S. c.,* 207 N. C., 51, 175 S. E., 692, authority for a contrary holding.

Here, however, there is no concession that a worthless check was given in payment of the premium due 1 August, 1939. It is the contention of the plaintiff that this check was wrongfully dishonored by the bank, and there is evidence to support the contention. This makes it a case for the jury. *Smith v. Ins. Co.,* 216 N. C., 152, 4 S. E. (2d), 321.

The conditional receipt issued by the Association shows that the check was received subject to "final cash returns." The insured customarily paid his premiums by check, and it is conceded that the check in question would have kept the insurance in force but for its dishonor on 12 September. If it should be found the bank was in error in returning the check and accordingly the "final cash returns" are still rightfully available to the Association, the judgment of nonsuit would seem to be at variance with the rights of the plaintiff. Otherwise the defendant may again prevail. *Hayworth v. Ins. Co., supra.*

Reversed.