RUTH SUTTON CAULEY v. GENERAL AMERICAN LIFE INSURANCE COMPANY.

(Filed 5 November, 1941.)

**1. Appeal and Error § 39: Trial § 16—**

The trial court inadvertently admitted hearsay evidence which was very material to the controversy. The court later withdrew the evidence and instructed the jury not to consider it. *Held:* Upon the entire record the inadvertence cannot be held for prejudicial and reversible error.

**2. Insurance § 30—**

    That the payee of a check changed the name of the bank upon which the check was drawn without authority, resulting in the wrongful debit of insured's account by the bank so that the check given in payment of premium was wrongfully dishonored, *held* a permissible inference from the evidence and to sustain the verdict of the jury in favor of plaintiff beneficiary.

APPEAL by defendant from *Thompson, J.,* at June Term, 1941, of LENOIR.

Civil action to recover on a certificate of group insurance.

From verdict and judgment for plaintiff, the defendant appeals, assigning errors.

*J. A. Jones for plaintiff, appellee.*
*Smith, Wharton & Jordan for defendant, appellant.*

STACY, C. J.   This is the same case that was before us on plaintiff's appeal at the Spring Term, 1941, reported in 219 N. C., 398, where the facts are set out and to which reference may be had to avoid repetition.

In accordance with the former opinion, the issue on the second trial was whether the premium check of $21.38 had been wrongfully dishonored. The jury found that it had, and there is evidence to support the finding.

The plaintiff testified that the check of $5.25 which diminished the account below the amount of insured's check and caused its dishonor was changed from the printed form, "Branch Banking & Trust Company," on which it was written, to "First-Citizens Bank & Trust Company"; that this change was made in pencil; that there was a noticeable difference between the handwriting in which the check was originally written and the changed part—"the check was made out and signed by my husband, and this change in the check was in another handwriting. . . . The change that had been made was much fresher in appearance. . . . The name of First-Citizens Bank & Trust Company, as it appeared in the check, appeared to be much fresher than the body of the check. . . . I mean the name of the First-Citizens Bank & Trust Company as it appeared to be much fresher than the body of the check."

The teller of the bank testified that the payee of this $5.25 check came into the bank and asked if Mr. Cauley's check for this amount was good. After calling upstairs to the bookkeeper, the teller informed him that it was. Thereupon, the payee went over to a desk or table and returned in "two, three, or four minutes" and presented the check duly

endorsed. "I could not say what he did while he was at that table because I was waiting on another customer . . . he had his back turned to me."

The most serious exception appearing on the record is the one presented in connection with the testimony of plaintiff's brother who was allowed to say the payee of this $5.25 check admitted to him in the presence of the bank teller that he had made the change from "Branch Banking & Trust Company" to "First-Citizens Bank & Trust Company" without any authority. True, this evidence was later stricken out and the jury was instructed not to consider it, but difficulty arises in assigning it to its proper place. Was it such a slip as could be cured by withdrawing the evidence, or was it a fatal inadvertence? *Hyatt v. McCoy,* 194 N. C., 760, 140 S. E., 807; *Parrott v. R. R.,* 140 N. C., 546, 53 S. E., 432. While not altogether free from difficulty, *In re Will of Yelverton,* 198 N. C., 746, 153 S. E., 319, a careful perusal of the entire record leaves us with the impression that the ruling should be sustained. *Gold v. Kiker,* 218 N. C., 204, 10 S. E. (2d), 650.

On the evidence which was allowed to remain in the case the jury found that Cauley's bank account was wrongfully debited with the amount of this $5.25 check, and that, therefore, the premium check was wrongfully dishonored. The inference is a permissible one. Hence, the verdict and judgment will be upheld.

No error.