A. F. ENGELBERG v. THE HOME INSURANCE COMPANY AND THE HOME INDEMNITY COMPANY; RUFUS ODELL CAUDLE, MRS. NANCY JANE PRUITT AND MRS. DELLA MAE HARDY PAYNE.

(Filed 4 November, 1959.)

**1. Insurance §§ 3, 61—**

Unless payment of premium is waived it is a condition precedent to insurance coverage.

**2. Insurance § 2—**

Insurance companies may authorize agents to carry out cancellation provisions of a policy so long as the acts of the agents are not in conflict with the terms of the policy contract.

**3. Same: Insurance §§ 3, 61—**

Where an insurance agent mails notice of cancellation of the policy for nonpayment of premiums after default in payment by insured, in accordance with the terms of the policy, which notice is received by insured, the policy contract is terminated ten days after notice, and this result is not affected by the fact that the agent himself may have paid the premium to the insurance company. In this case insurer had refunded to the agent the unearned portion of the premium and the agent had recovered judgment against the insured for the earned portion thereof prior to the occurrence of the accident in suit.

HIGGINS, J., not sitting.

APPEAL by plaintiff from *Olive, J.,* March 1959 Term, of FORSYTH.

The case was heard upon an agreed statement of facts, which is in substance as follows:

The corporate defendants (insurance companies) by and through Elam Insurance Agency, Inc. (hereinafter referred to as Elam), of Winston-Salem, delivered to plaintiff their joint and several combination automobile policy, effective 11 August 1956 covering plaintiff's 1954 Chrysler automobile for the policy period from 11 August 1956 to 11 August 1957. This is a renewal policy. Within 60 days of the issuance of the policy Elam paid the corporate defendants the premium, $58.60. Plaintiff did not at any time pay Elam or the corporate defendants the premium or any part thereof. On 10 January 1957, Elam mailed to plaintiff at his home address as set out in the policy notice of cancellation of the policy, to be effective 20 January 1957 for nonpayment of the earned portion of the premium. The cancellation notice was in the name of the corporate defendants by Elam, "authorized representative." It was signed by Douglas B. Elam, president and manager of Elam. Plaintiff phoned Elam on 14 January 1957 and stated that he had received cancellation notice and inquired if the policy could be reinstated upon payment of premium. Plaintiff

was advised that it would be reinstated if the premium was paid "in the next few days." Plaintiff did not thereafter pay the premium. The corporate defendants refunded to Elam $32.58, the unearned portion of the premium. On 18 March 1957 Elam recovered judgment of plaintiff herein before a justice of the peace for the earned portion of the premium, $26.02, and costs. Plaintiff did not attend the trial but phoned the justice of the peace that he would pay the judgment. This judgment has not been paid. On 20 March 1957 plaintiff's Chrysler automobile, while being driven by plaintiff, was involved in a collision with another automobile. The individual defendants herein were injured in the collision and have instituted actions against plaintiff to recover damages on account of his alleged actionable negligence in causing the collision. Plaintiff notified the corporate defendants of the actions but corporate defendants declined to defend the suits on the ground that the policy of insurance had been cancelled and was not in force on the date of the collision. The actions are still pending. The policy contains the following condition:

> "24. Cancellation: . . . This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of the surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. . . . If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation."

The agency agreement between the corporate defendants and Elam provides:

> "The company hereby grants authority to the agent . . . to solicit and submit applications for . . . insurance . . .; to issue and deliver policies . . . ; to collect and receipt for premiums . . . ; to cancel such policies . . . in the discretion of the agent where cancellation is legally possible; . . ."

Upon the facts agreed the court concluded that the policy was lawfully canceled on 20 January 1957, was not in force on 20 March 1957 and the individual defendants are not entitled to recover for their injuries under the policy.

From judgment dismissing the action, plaintiff appealed and assigned error.

*Charles L. Abernethy, Jr., for plaintiff, appellant.*

*Womble, Carlyle, Sandridge & Rice for corporate defendants, appellees.*

PER CURIAM. On this appeal plaintiff contends that Elam paid the premium and the amount thereof became an open account due by plaintiff to Elam, that Elam was without authority to give notice of cancellation or to cancel the policy, that plaintiff was not privy to the agency agreement between Elam and the insurance companies and is bound only by the provisions of the policy and that the corporate defendants could not effectively cancel the policy in as much as the premium had been paid to them by Elam.

Plaintiff did not at any time pay the premium or any part thereof. Unless the payment of premium is waived, it is a condition precedent to insurance coverage. *Allen v. Insurance Co.,* 215 N.C. 70, 1 S.E. 2d 94. The agreed statement of facts discloses no agreement on the part of Elam or the corporate defendants to waive payment of premium or to extend the time of payment for any period, definite or indefinite. Actually the facts agreed show the contrary to be true. The language of the "cancellation" clause is clear and unambiguous. The clause was strictly complied with. Insurance companies may authorize agents to carry out cancellation provisions of a policy so long as the acts of the agents are not in conflict with the terms of the policy contract. The cancellation notice indicates that Elam gave notice of the cancellation as agent of the corporate defendants. In so doing Elam did not contravene any policy provision and had full authority to perform the act.

Affirmed.

HIGGINS, J., not sitting.