LUCY J. DRIVER v. HENRY GIBSON EDWARDS, A MINOR, BY JOE S. EDWARDS, GUARDIAN AD LITEM.

(Filed 14 January, 1960.)

**1. Appeal and Error § 41: Trial § 16—**

Ordinarily, error in the admission of incompetent evidence may be cured by the withdrawal of the evidence from the consideration of the jury by the court, but such error may not be cured when the admission of the incompetent evidence is protracted or a great length of time intervenes between the admission of the evidence and its withdrawal, so that it is apparent from the entire record that the prejudicial effect was not removed from the minds of the jury, and each case must be determined in the light of its particular facts.

**2. Same: Evidence § 15—**

In this action by a passenger in one car against the driver of the other car involved in the collision, error in the admission, over objections, of evidence to the effect that the driver of the car in which plaintiff was riding was intoxicated, that he had paid the damages for repair to the automobile driven by defendant, and had pleaded guilty to

a charge arising out of the collision *held* not cured by the subsequent withdrawal of the evidence by the court, since the error related to a great deal more than an isolated incidence.

APPEAL by plaintiff from *Clark, J.,* at April, 1959 Civil Term, of JOHNSTON.

Civil action to recover for personal injuries allegedly sustained as result of actionable negligence of defendant in an automobile collision on 1 December 1957, between a 1950 Ford automobile owned and operated by husband of plaintiff in which she was riding, and a 1955 Ford automobile owned and operated by defendant.

Defendant, answering the complaint of plaintiff, denied in material aspect the allegations of negligence therein set forth.

And "for a Third Further Answer and Defense, and as a plea in bar of the plaintiff's right to recover against the defendant, the defendant alleges and says:

"1. That the plaintiff, for value received, in full settlement and satisfaction of any and all demands for damages, loss or injury, that the plaintiff might have against the defendant on account of the collision referred to in the complaint, signed and executed a written release agreement releasing the defendant from all claims running in favor of the plaintiff; that said release agreement will be presented at the trial of this cause.

"2. That said settlement and release effectually adjusted and settled all matters and things that might arise out of the collision referred to in the complaint filed in this cause, and constituted an accord, and upon performance a satisfaction, which accord and satisfaction bars the plaintiff from all claims, action, or demands which she might assert against the defendant and in particular the claim for damages as set forth in the complaint filed in this cause."

Plaintiff, replying to this Third Further Answer and Defense, admits the signing of some paper writing, pleaded, in summary, that through fraud of defendant she was induced to sign the instrument of writing which defendant alleges to be a release agreement, and by reason thereof the paper writing is void and of no effect and should be so declared by the court.

And the record shows that after the jury had been selected but before pleadings were read or any testimony had been offered, and in the absence of the jury, defendant, through his attorneys, moved the court that the answer filed herein by defendant be amended so as to, among other things, (5) strike the entire Third Further Answer and Defense and eliminate paragraphs 1 and 2 of the said Further Answer and Defense.

The record of case on appeal shows that the trial court, in his discretion, allowed the motion to strike the entire Third Further Answer and Defense and eliminate paragraphs 1 and 2 thereof, and strike the entire reply of the plaintiff.

Plaintiff excepted thereto. This is plaintiff's Exception #1.

And, upon the evidence offered by plaintiff, motion for judgment as of nonsuit, made when plaintiff first rested, was denied.

Defendant offered evidence. In the course of which the following testimony of defendant was admitted over objection of plaintiff as indicated: " * * * I saw the driver of the other car. His name was Chester Driver. I got as close to him as any one usually would talking to anybody. I think he was under the influence of alcohol. I smelled alcohol or whiskey on his breath. He walked up to the car and we went back to look at his car."

"Q. How did he act? A. Well, he didn't say much; acted like he was a little nervous. I mean he acted like he didn't want to get around me, or anything * * *"

"The accident was investigated by Patrolman Carter. I was present when he came to scene and neither of the cars had been moved. Traffic was on the left side or moving in the southern lane; it could not move on the right side on account it was blocked by his car and a little bit of my car. Judy and I rode home with Mr. Carter."

"Q. I ask you if Mr. Driver has not paid the damage for fixing your automobile. A. Yes, sir * * *

"Q. Now, do you know of your own personal knowledge, whether or not Mr. Driver was charged with any violation as a result of this accident? A. He was charged with failing to yield the right of way.

"Q. Were you present when the case was tried? A. Yes, sir * * *

"Q. What happened? A. Well, he was tried and pleaded guilty.

"Q. He did what? A. He pleaded guilty, that it was his fault, and paid me off.

"Q. What did he plead guilty to? A. In Selma Recorder's Court over there.

"Q. Was Mr. Carter present? A. Yes, sir, he was present at the time."

The exceptions taken comprise numbers 3, 4, 5, 6 and 7.

Then the court interposed this statement: "Members of the jury, the court made an erroneous ruling on that evidence. The driver of the other vehicle, by the name of Driver, isn't a party to this action; the plaintiff was a passenger, and the driver of the other vehicle, his statements about the matter would be hearsay, and would not come under the Section that would apply if he were the defendant; so I am going to have to strike this testimony as to the last several ques-

tions, including what his testimony was about any statements that the driver of the other vehicle made, and any other statement about what he did with reference to payment for the car, and also the statement about the charge that was against him. Please dismiss that from your minds and give that no further consideration in your deliberation on this case. As I say, it is not competent evidence, as I understand the law under this situation, and that is the reason I have to make this ruling. Please abide by those instructions. All right, go ahead."

Motion of defendant for judgment as of nonsuit at close of evidence was denied.

The case was submitted to the jury upon the issues shown in the record, and the jury answered in the negative the first issue, that is, "Was the plaintiff injured and damaged by the negligence of the defendant, as alleged in the complaint?" Thereupon the trial judge entered judgment that plaintiff have and recover nothing of the defendant, and that the action be dismissed at the cost of plaintiff who excepted and appeals *in forma pauperis*, and assigns error.

*Joseph H. Levinson, James R. Pool for plaintiff, appellant.*
*Taylor, Allen & Warren for defendant, appellee.*

WINBORNE, C. J.: While it is difficult to see how the plaintiff could be prejudiced by the striking of defendant's plea in bar, and plaintiff's reply thereto, assignment of error No. 1, it seems clear that assignments of error 3, 4, 5, 6 and 7, taken together, present error for which a new trial should be granted. *In Re Will of Yelverton*, 198 N.C. 746, 153 S.E. 319; *Cauley v. Ins. Co.*, 220 N.C. 304, 17 S.E. 2d 221; *S. v. Broom*, 222 N.C. 324, 22 S.E. 2d 926.

In the *Yelverton* case, opinion by STACY, C. J., the Court said: "It is undoubtedly approved by our decisions that the trial court may correct a slip in the admission of isolated or single points of evidence by withdrawing such evidence at any time before verdict and instructing the jury not to consider it, * * * but this may not be done without ordering a mistrial where the inadvertence is protracted and injury would result to the appellant by such action," citing *Gattis v. Kilgo*, 131 N.C. 199, 42 S.E. 584. And the Court goes on to quote this from opinion by BROWN, J., in *Parrott v. R. R.*, 140 N.C. 546, 53 S.E. 432, "When we can see that the appellant has been really injured in such case, we will always order a new trial." And the Court concludes in the *Yelverton* case, *supra*, by saying that "On this phase of the case, therefore, the principal question presented resolves itself into an interpretation of the record * * *."

And in the *Cauley* case, *supra*, *Stacy, C. J.*, considering the same principle, declared that "The most serious exception appearing on the record is the one presented in connection with the testimony of plaintiff's brother, who was allowed to say the payee of this $5.25 check admitted to him in the presence of the bank teller that he had made a change from "Branch Banking & Trust Company" to "First-Citizens Bank & Trust Company" without any authority. True the evidence was later stricken out and the jury was instructed not to consider it, but difficulty arises in assigning it to its proper place. Was it such a slip as could be cured by withdrawing the evidence or was it a fatal inadvertence? * * * While not altogether free from difficulty * * * a careful persual of the entire record leaves us with the impression that the ruling should be sustained" (cited cases are deleted).

Moreover, in the *Broom* case, *supra*, the Court in opinion by *Devin, J.*, later C. J., it appears that "the evidence was improvidently and doubtless inadvertently admitted. It was in no way connected with the crime with which defendant was charged * * *

"The trial judge subsequently, realizing the evidence afforded by these exhibits was not pertinent, withdrew this evidence from the consideration of the jury, but we think this came too late. Some time had elapsed, and in the meantime twelve other witnesses had been examined. The impression made upon the minds of the jurors by these exhibits thus presented could not then be removed," citing the cases *Gattis v. Kilgo, Parrott v. R. R.*, and *In Re Will of Yelverton, supra.*

And the opinion ends with this decision: "We conclude that the evidence afforded by the exhibits was incompetent and that the error in admitting them was material and prejudicial, necessitating a new trial."

In the light of these decisions it would seem that each case must be interpreted in respect to the particular factual situation. Here while the taking of the evidence is not protracted in point of time, it is more than an isolated or single point. The volume of evidence received is so prejudicial that it would be calculated to injure plaintiff in her case, and from the verdict rendered it most likely did influence the jury.

By the withdrawal the trial judge did the best that could be done to wipe out the harmful effect of the evidence. Nevertheless, it is of such character that the Court is constrained to hold that plaintiff is entitled to a

New trial.