RONALD M. SAWYER v. NORTH CAROLINA FARM BUREAU MUTUAL IN-
SURANCE COMPANY

No. 842SC247

(Filed 18 December 1984)

**Insurance § 76— automobile fire insurance—renewal check not received within
grace period—no retroactive renewal**

Where defendant insurer provided a seventeen-day grace period for
retroactive renewal of an automobile fire insurance policy but did not receive
plaintiff's renewal check until after the grace period had expired, defendant
had a right not to renew the policy retroactively even though plaintiff may
have placed his renewal check in the mail within the grace period. Defendant
was not estopped by any course of dealings where payments on previous occa-
sions had been received by defendant within the grace period.

APPEAL by defendant from *Bruce, Judge.* Judgment entered
20 January 1984 in Superior Court, WASHINGTON County. Heard
in the Court of Appeals 15 November 1984.

This is an action on a fire insurance policy. The plaintiff
alleged that his automobile was destroyed by fire on 27 June 1981
while it was covered by an insurance policy issued by the defend-
ant. The plaintiff prayed for judgment of $9,500.00, which he
alleged was the fair market value of the vehicle.

The case was submitted for a non-jury trial upon affidavits
and documentary evidence. The Court made findings of fact which
are not in dispute. The Court found among other facts that the
plaintiff was covered by an insurance policy with effective dates
from 11 December 1980 to 11 June 1981. On 27 May 1981 the de-
fendant mailed to plaintiff a notice that the premium was due on
11 June 1981 and the policy would expire on that date if the
premium was not paid. On 19 June 1981 a past due reminder was
mailed to the plaintiff. On 26 June 1981 the plaintiff mailed a
check to the defendant to pay the premium. The envelope in
which the plaintiff mailed the check was postmarked 29 June 1981
and was received by the defendant on 30 June 1981. The defend-
ant declined to renew the policy as of 11 June 1981 but reinstated
it with effective dates of 30 June 1981 to 30 December 1981. The
plaintiff's vehicle was damaged by fire on 27 June 1981. It had
been a policy of the defendant to extend a grace period of seven-
teen days to its insureds so that the defendant would retro-

actively renew a policy if the premium was received within the seventeen-day grace period. In previous years the plaintiff had regularly paid the premium within the grace period and had the policy renewed retroactively. The Court concluded that since the plaintiff placed a check for the premium in the mail within the grace period it was deemed to have been received by the defendant at the time it was mailed and the policy was renewed retroactively to 11 June 1981.

The Court entered a judgment for the plaintiff and the defendant appealed.

*Hutchins and Thompson by R. W. Hutchins for plaintiff appellee.*

*Baker, Jenkins and Jones by Ronald G. Baker and W. Hugh Jones, Jr. for defendant appellant.*

WEBB, Judge.

As a general rule, the failure of an insured to pay a premium by the due date results in a lapse of coverage as of the last day of the policy period. *Klein v. Ins. Co.*, 289 N.C. 63, 220 S.E. 2d 595 (1975) and *Cauley v. Ins. Co.*, 219 N.C. 398, 14 S.E. 2d 39 (1944). An insurer may by extensions or periods of grace extend it on any terms he chooses. In this case it is undisputed that the defendant extended a grace period on condition that it receive the premium payment within the grace period. When it did not receive the premium payment it had the right not to renew the policy retroactively. The defendant was not estopped by any course of dealings. All the payments on previous occasions had been received by it within the grace period. It was error not to enter judgment for the defendant.

The appellee argues that he sent one check to pay the premium on two policies and the defendant reinstated the coverage for one of them retroactively to 11 June 1981 but refused to so reinstate the policy on which this action is based. The appellee argues this is not consistent with good honorable business practices. We cannot enforce any business practice for the defendant. It had the right not to reinstate the plaintiff's policy retroactively and we are bound by that right.

We reverse and remand for a judgment consistent with this opinion.

Reversed and remanded.

Judges HEDRICK and HILL concur.