NATIONWIDE MUTUAL INSURANCE COMPANY, PLAINTIFF v. CHOICE FLOOR COVERING COMPANY, AETNA CASUALTY AND SURETY COMPANY, DAVID COLEMAN COLVIN AND FANNIE FALLS COLVIN, DEFENDANTS

No. 9210SC1035

(Filed 7 December 1993)

**Insurance § 621 (NCI4th) — automobile insurance — renewal payment with bad check — no duty to defend**

The trial court did not err in a declaratory judgment action to determine whether an insurance policy was still in effect by granting summary judgment for plaintiff-insurer where a check from defendant-insured for a renewal premium which had been hand delivered on the expiration date was twice refused by the bank for insufficient funds, both refusals occurred after the policy expiration date, and defendant was in an accident after the expiration date. Plaintiff was under no obligation to provide coverage to defendant on the basis of the tender of the check to the agent, nor was it under an obligation to continue to provide coverage while it maintained an action against the insured for collection of the check. Although *Pearson v. Nationwide Insurance*, 325 N.C. 246, held

NATIONWIDE MUTUAL INS. CO. v. CHOICE FLOOR COVERING CO.

[112 N.C. App. 801 (1993)]

that an insurer must strictly comply with the requirements of N.C.G.S. §§ 20-310 et seq. to cancel an automobile insurance policy, that case involved a mid-term cancellation; here the policy lapsed and expired on its own terms due to defendant's failure to properly respond to the renewal notices.

**Am Jur 2d, Insurance §§ 380 et seq.**

Appeal by defendants from order entered 10 June 1992 in Wake County Superior Court by Judge Donald W. Stephens. Heard in the Court of Appeals 29 September 1993.

A declaratory judgment action was filed by the Plaintiff Nationwide Mutual Insurance Company (Nationwide) seeking a determination of whether the insurance policy that was issued to the defendant David Colvin was still in force and effect at the time of an automobile accident involving Colvin on 23 March 1989. The accident involved the Colvins and employees of Choice Floor Covering and is the subject of a pending lawsuit in Mecklenburg County. The employees of Choice Floor Covering are seeking recovery for damages arising out of that accident from the Colvins. Nationwide is defending the Colvins under a reservation of rights pending the outcome of this action.

Nationwide asserted in its complaint that due to non-payment of the premium by the insured (the Colvins) at renewal time, Nationwide had no duty to defend in the above negligence action. Specifically, Nationwide argued that the check written by the insured, which was hand delivered to his agent on 13 March 1989, was refused twice by the bank for insufficient funds. Both refusals occurred after the policy expiration date of 26 February 1989. Consequently, Nationwide notified defendant Colvin on 31 March 1989 that the policy had expired on 13 March 1989.

Arguments were heard on 8 June 1992 in Wake County Superior Court. Judge Stephens granted the plaintiff's summary judgment motion, finding that the plaintiff had no legal duty to defend, provide coverage, or indemnification for any damages arising out of the 23 March accident, and that the accident "was not covered by Nationwide Insurance Company Policy No. 61H918-147." From this order, the defendants appeal.

**NATIONWIDE MUTUAL INS. CO. v. CHOICE FLOOR COVERING CO.**

[112 N.C. App. 801 (1993)]

*LeBoeuf, Lamb, Leiby & MacRae, by Charles T. Francis, for
plaintiff-appellee.*

*Weinstein & Sturges, P.A., by James N. Freeman, Jr. and
Cynthia Roberson Jarrell, for defendant-appellants Choice Floor
Covering Company and Aetna Casualty and Surety Company.*

*Lester H. Broussard for defendant-appellants David Coleman
Colvin and Fannie Falls Colvin.*

ORR, Judge.

The defendants raise one issue on appeal in their assignments
of error: whether the trial court erred in ruling that there was
no genuine issue of material fact as to whether the defendant
had insurance coverage on the date of the automobile accident
and that the court therefore erred in granting summary judgment
to the plaintiff. The defendants have advanced two arguments in
their brief to support their contentions. First, that the notification
of cancellation sent by Nationwide to the insured failed to comply
with N.C. Gen. Stat. § 20-310(f)(2), and second, that where the in-
sured attempted to pay his renewal premium within the time
specified by the cancellation notice, and no opportunity was given
to the insured to "cover" the dishonored check, the insured had
not "failed to pay the required premium by the premium due date",
and therefore the insurer was not relieved of compliance with N.C.
Gen. Stat. § 20-310(f)(2). We disagree and accordingly affirm the
decision of the trial court.

The purpose of summary judgment is to provide an expeditious
method of determining whether a genuine issue of material fact
exists, and if not, whether the moving party is entitled to judgment
as a matter of law. *Schoolfield v. Collins,* 12 N.C. App. 106, 182
S.E.2d 648 (1971), *rev'd on other grounds,* 281 N.C. 604, 189 S.E.2d
208 (1972). Where a motion for summary judgment is granted, the
critical question for determination on appeal is whether, on the
basis of the materials presented to the trial court, there is a genuine
issue as to any material fact, and whether the movant was entitled
to judgment as a matter of law. *Smith v. Smith,* 65 N.C. App.
139, 308 S.E.2d 504 (1983).

The factual history of this case arises out of an insurance
policy issued to the defendant, David Coleman Colvin, in February

1985. This policy of insurance was renewed every six months from 1985 through 1988.

On 1 February 1989, Nationwide mailed a billing to Mr. Colvin which stated that $816.10 would be due on 26 February 1989, and that this amount would be for the policy period 26 February through 26 August 1989. On 2 March 1989, payment had not been received by Nationwide, and a notice of expiration was sent to Mr. Colvin. This notice informed him that his policy had expired on 26 February 1989. However, the notice also stated that if full payment of $816.10 was received before 13 March 1989 the policy would be reinstated without interruption.

On 13 March, the last day of the grace period, Mr. Colvin delivered a personal check for partial payment to one of Nationwide's Gastonia agents. The check was accepted by that agent. Subsequently, the check was dishonored twice by the defendant's bank. On 31 March 1989, Nationwide sent a letter to the defendant notifying him that his check had been returned, and also sent him a "Notice Of Cancellation or Refusal To Renew", which stated that his policy had expired as of 13 March 1989.

The defendant and his wife were involved in an automobile accident on 23 March 1989 with employees from Choice Floor Coverings. Those parties incurred various injuries which were compensated for through a policy issued to Choice Floor Covering by Aetna Casualty and Surety Company. Mr. Colvin notified his Nationwide agent of the accident.

The contract of insurance at issue provided for renewal of coverage "but only if the required premium for this period had been paid and for six months renewal if the renewal premiums are paid as required." The policy further stated "[i]f we offer to renew and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer."

Defendants rely primarily on our Supreme Court's holding in *Pearson v. Nationwide Insurance*, 325 N.C. 246, 382 S.E.2d 745 (1989). *Pearson* held that for an insurer to cancel an automobile insurance policy he must strictly comply with the requirements of N.C. Gen. Stat. § 20-310 *et seq.* However, the facts of *Pearson* are readily distinguishable from the case at bar. In *Pearson*, the

insured was making installment payments on a policy with effective dates of 4/17/81 to 10/17/81. The insured failed to make one of those installments on 28 June 1981 *during the policy period*. The Court stated "that *midterm* cancellation by the insurer of a compulsory insurance policy for nonpayment of premium installments is not effective unless and until the insurer has strictly complied with the provisions of N.C. Gen. Stat. § 20-310(f)." *Pearson*, 325 N.C. at 250, 382 S.E.2d at 746, quoting *Pearson v. Nationwide Mutual Insurance Co.*, 90 N.C. App. 295, 301-02, 368 S.E.2d 406, 410, *disc. review denied*, 323 N.C. 175, 373 S.E.2d 112, *rec'n and disc. review allowed*, 323 N.C. 477, 373 S.E.2d 866 (1988) (emphasis added).

Unlike *Pearson*, the policy term at issue here was for six-month terms which ended as of 26 February 1989. Nationwide did not cancel the policy in such a way to invoke the provisions of N.C. Gen. Stat. § 20-310 as asserted in defendants' brief; rather, the policy lapsed and expired on its own terms due to Colvin's failure to properly respond to the renewal notices. While it is certainly true that an insurer must comply with the pertinent statutory requirements, *Nationwide Mut. Ins. Co. v. Davis*, 7 N.C. App. 152, 171 S.E.2d 601 (1970), we find that the provisions of G.S. § 20-310(g) are dispositive of the case at bar.

Subsection (g) states that "[n]othing in this section shall apply: (1) [i]f the insurer has manifested its willingness to renew by issuing or offering to issue a renewal policy, certificate, or other evidence of renewal, or has manifested such intention by any other means, . . . ." As the plaintiff points out, the Supreme Court held that when interpreting an identical billing notice sent by Nationwide as was sent in the case *sub judice*, "[i]t can hardly be disputed that the premium notice taken in combination with the expiration notice and the interview with the carrier's agent comprised a sufficient manifestation of Nationwide's willingness to renew to justify invocation of the provisions of N.C.G.S. § 20-310(g)." *Smith v. Nationwide Mut. Ins. Co.*, 315 N.C. 262, 269, 337 S.E.2d 569, 573 (1985). The Court went on in *Smith* to find that the "premium notice" alone would have been sufficient to make such a showing of willingness to renew, and that the provisions of G.S. § 20-310(f) did not apply. The Court held there, and we agree, that "[t]o hold otherwise would demand that the requirements of N.C.G.S. § 20-310(f) be met in all cases where there is non-payment of a premium. Insurers, then, could never have proper termination without com-

NATIONWIDE MUTUAL INS. CO. v. CHOICE FLOOR COVERING CO.

[112 N.C. App. 801 (1993)]

plying with the formal termination requirements of 20-310(f) and, as a result, subsection (g) would be superfluous." *Smith*, 315 N.C. at 272, 337 S.E.2d at 575.

In the instant case, the insured was notified on or about 2 February 1989 that the policy period was ending, and that a premium was due prior to 26 February in order to continue coverage. The letter sent on 2 March 1989 informed the insured that the policy had expired, but that he could keep uninterrupted coverage if a premium payment was made prior to 13 March 1989. However, Nationwide was under no obligation to extend coverage beyond the policy period at that point.

The record indicates that Colvin had paid absolutely nothing to Nationwide for coverage on the date of the accident. Clearly, he had no policy in force at the time, nor was Nationwide obligated to continue to notify him of the status of his premium check in order to reinstate the policy. The tender of the premium check constituted an offer by Colvin to obtain coverage from Nationwide. Prior to that date, there had been no indication that Colvin would continue coverage with Nationwide at all.

Nationwide was under no obligation to provide coverage to Colvin on the basis of the 13 March tender to the agent, nor was it under an obligation to continue to provide coverage while it maintained an action against the insured for collection of the check. "[G]iving of a worthless check is not payment." *Cauley v. American Life Ins. Co.*, 219 N.C. 398, 400, 14 S.E.2d 39, 40 (1941) (citations omitted). "Unless the payment of premium is waived, it is a condition precedent to insurance coverage." *Engelberg v. Home Ins. Co.*, 251 N.C. 166, 168, 110 S.E.2d 818, 820 (1959). As a matter of law, there was no contract, hence no coverage on the date of the accident.

For the reasons stated above, we hold that the trial court properly granted summary judgment against the defendants, and its decision is accordingly affirmed.

Affirmed.

Judges EAGLES and GREENE concur.