GERALD ZENNS AND, WALTON JONES QUINBY, PLAINTIFF-APPELLANTS v. HARTFORD ACCIDENT AND INDEMNITY COMPANY AND SENTRY INSURANCE, A MUTUAL COMPANY, DEFENDANT-APPELLEES

No. 9326SC832

(Filed 5 July 1994)

## Insurance § 622 (NCI4th)— failure to pay premium—automobile insurance terminated by insured—accident not covered

Where plaintiff disregarded a premium notice from his automobile insurer, demonstrating his intention not to pay the

premium by the cancellation date of 17 March 1990, his policy was not in effect and his 28 March 1990 accident was not covered, even though defendant insurer mailed plaintiff a reinstatement offer on 27 March 1990 and plaintiff gave the insurance premium payment to his agent within two days after 28 March 1990.

**Am Jur 2d, Insurance §§ 36 et seq.**

**Insurer's acceptance of defaulted premium payment or defaulted payment on premium note, as affecting liability for loss which occurred during period of default. 7 ALR3d 414.**

Appeal by plaintiffs from judgment signed 14 June 1993 by Judge Marvin K. Gray in Mecklenburg County Superior Court. Heard in the Court of Appeals 19 April 1994.

Plaintiffs appeal from the trial court's entry of summary judgment, G.S. 1A-1, Rule 56, for defendant Sentry Insurance (hereinafter "Sentry"). On 28 March 1990, Gerald Zenns, while riding as a passenger on a motorcycle, was struck by a pickup truck driven and owned by Walton J. Quinby, Sentry's insured. Mr. Zenns suffered multiple injuries as a result of the accident. Mr. Zenns sued Mr. Quinby and received a judgment (in 90 CVS 724) for $425,000.00 on 9 November 1992. Sentry refused to pay the judgment.

Sentry's refusal to pay the judgment was based upon an alleged lapse of the policy arising from Mr. Quinby's failure to pay the premium at the end of the policy period. Mr. Quinby's policy period was from 17 September 1989 to 17 March 1990. On 15 February 1990, Sentry sent Mr. Quinby a "Premium Notice" stating that payment of the policy's premium was due on 17 March 1990 (listed as the "due date" on the notice). The notice further stated that "[y]our policy will expire if payment is not made by the due date." Sentry did not receive a payment by 17 March 1990, the stated due date. On 27 March 1990, Sentry sent Mr. Quinby another "Premium Notice," stating as follows:

REINSTATMENT OFFER

**Your insurance coverage has expired**. This notice is being sent to give you the opportunity to reinstate your insurance protection.

Reinstatement can be made only if payment is postmarked within 15 days of the STATEMENT DATE shown above. Your insurance protection will begin when we receive your payment.

Won't you please take care of this matter today? Your cancelled check will be your receipt.

On 28 March 1990, the accident occurred. Sometime within the next two days, Mr. Quinby gave the premium payment to his insurance agent, John Hall, who forwarded the payment to Sentry's accounting department.

On 16 November 1992, Mr. Zenns and Mr. Quinby filed a complaint against defendant Sentry and against Hartford Accident and Indemnity Company, Mr. Zenns' underinsured motorist liability carrier.

Following plaintiffs' motion for summary judgment, on 14 June 1993 the trial court granted summary judgment for defendant Sentry. On 29 July 1993, plaintiffs voluntarily dismissed their claims against defendant Hartford with prejudice. Plaintiffs appeal.

*J. Douglas Moretz, P.A., by J. Douglas Moretz, for plaintiff-appellants.*

*Parker, Poe, Adams & Bernstein, by Josephine H. Hicks, for defendant-appellee Sentry Insurance, A Mutual Company.*

EAGLES, Judge.

Plaintiffs argue that the trial court erred in granting summary judgment for defendant Sentry because plaintiff Quinby's policy with defendant Sentry remained in effect at the time the accident occurred. We disagree.

G.S. 20-310 (1989) provides:

(f) *No cancellation or refusal to renew* by an insurer of a policy of automobile insurance shall be effective unless the insurer shall have given the policyholder notice at his last known post-office address by certificate of mailing a written notice of the cancellation or refusal to renew. Such notice shall:

(1) Be approved as to form by the Commissioner of Insurance prior to use;

(2) State the date, not less than 60 days after mailing to the insured of notice of cancellation or notice of intention not to renew, on which such cancellation or refusal to renew shall become effective, except that such effective date may be 15 days from the date of mailing or delivery when it is being can-

celed or not renewed for the reasons set forth in subdivision (1) of subsection (d) and in subdivision (4) of subsection (e) of this section;

(3) State the specific reason or reasons of the insurer for cancellation or refusal to renew;

(4) Advise the insured of his right to request in writing, within 10 days of the receipt of the notice, that the Commissioner of Insurance review the action of the insurer; and the insured's right to request in writing, within 10 days of receipt of the notice, a hearing before the Commissioner of Insurance;

(5) Either in the notice or in an accompanying statement advise the insured that operation of a motor vehicle without complying with the provisions of this Article is a misdemeanor and specifying the penalties for such violation.

(g) *Nothing in this section shall apply*:

(1) If the insurer has *manifested its willingness to renew by issuing or offering to issue a renewal policy*, certificate or other evidence of renewal, or has manifested such intention by any other means, including the mailing by first-class mail of a *premium notice* or expiration notice, and the insured has failed to pay the required premium prior to the premium due date;

. . . .

(Emphasis added.)

In *Smith v. Nationwide Mut. Ins. Co.*, 315 N.C. 262, 337 S.E.2d 569 (1985), our Supreme Court held that the expiration of a policy for nonpayment of a premium is not a "cancellation" or "refusal to renew by an insurer" as those terms are utilized under G.S. 20-310(f). Here, defendant Sentry did not undertake a "cancellation," G.S. 20-310(f), of plaintiff Quinby's policy because the policy was not unilaterally terminated by defendant Sentry prior to the end of the stated term. *Smith*, 315 N.C. at 268, n.2, 337 S.E.2d at 573, n. 2; *compare Pearson v. Nationwide Mut. Ins. Co.*, 325 N.C. 246, 382 S.E.2d 745 (1989) (mid-term cancellation by the insurer governed by provisions of G.S. 20-310(f)). By sending a "Premium Notice" to Mr. Quinby on 15 February 1990, Sentry manifested its willingness to renew the policy. *Smith*, 315 N.C. 262, 337 S.E.2d 569. Plaintiff Quinby's failure to pay

the premium by the due date was a termination of the policy by the insured (plaintiff Quinby), not by the insurer. *See Insurance Co. v. Cotten*, 280 N.C. 20, 27, 185 S.E.2d 182, 188 (1971). Since plaintiff Quinby disregarded the premium notice, demonstrating his intention not to pay the premium, his policy was not in effect and his 28 March 1990 accident was not covered. *Id.*; *Smith*, 315 N.C. at 268, 337 S.E.2d at 575. *See also Nationwide Mutual Ins. Co. v. Choice Floor Covering Co.*, 112 N.C. App. 801, 436 S.E.2d 851 (1993). Accordingly, summary judgment was properly entered for defendant Sentry.

For the reasons stated, the trial court's 14 June 1993 judgment is affirmed.

Affirmed.

Judges LEWIS and WYNN concur.