STATE v. WILLIS HUGHES.

*Indictment—Burglary and entering dwelling without breaking.*

1. It was error to quash an indictment framed under the act of 1879, ch. 323 (amending the act of 1875, ch. 166) charging that defendant "did enter a dwelling house in the night time otherwise than by breaking," and containing other necessary averments.

2. The act, by construction of the court, makes it a misdemeanor for any person to wilfully break into a store-house, &c., or "*to enter* into a dwelling house in the night time otherwise than by breaking."

(*State* v. *Henry,* 9 Ired., 463, commented on )

INDICTMENT under the statute for entering into a dwelling house in the night time otherwise than by breaking,

tried at Fall Term, 1881, of VANCE Superior Court, before *Gudger, J.*

The indictment is as follows: The jurors for the state upon their oaths present, that Willis Hughes, late of Vance county aforesaid, on the first day of August, 1881, with force and arms at and in the county aforesaid, a dwelling house of one E. G. Davis there situate, then occupied by one Frank Ward, about the hour of eleven on the night of the same day, unlawfully and wilfully did enter otherwise than by breaking, with intent the goods and chattels and moneys of the said E. G. Davis in the said dwelling house then and there being, then and there feloniously and wilfully to steal, take and carry away, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state.

Before the jury were impanelled, the defendant, through his counsel, moved to quash the indictment. His Honor sustained the motion and ordered the bill to be quashed, and the solicitor for the state appealed.

*Attorney General,* for the State.
No counsel for defendant.

ASHE, J. The indictment was preferred under the act of 1874–5, ch. 166, as amended by the act of 1879, ch. 323. The act of 1874–'5 is entitled " An act to punish breaking into an uninhabited house with intent to commit a felony," and provides that any person who shall wilfully break into a store house where any merchandise or other personal property is kept, or any uninhabited house with intent to commit a felony, shall be guilty of a misdemeanor, and on conviction thereof shall be punished by imprisonment in the county jail or state's prison, for not less than four months nor more than ten years.

· The act of 1879, entitled " An act to punish the entering of a dwelling house in the night time otherwise than by

breaking," amended the act of 1874-'5, by inserting after the word " house," and before the word " with," in the fourth line of section one of said act, the following, " or any dwelling house in the night time otherwise than by breaking," making the act of 1874-'5 read : " That any person who shall wilfully break into a store house where any merchandise or other personal property is kept, or any uninhabited house or any dwelling house in the night time otherwise than by breaking, with intent to commit a felony, shall be guilty of a misdemeanor, and on conviction thereof shall be punished by imprisonment in the county jail or state's prison for not less than four months nor more than ten years."

So it seems by a literal construction of the act, it is made a misdemeanor to break into a dwelling house in the night time otherwise than by breaking, with intent to commit a felony. But such a construction is insensible. And every interpretation that leads to an absurdity ought to be rejected. The interpretation which renders a statute null and void cannot be admitted ; it is an absurdity to say that after it is reduced to terms it means nothing.

It ought to be interpreted in such a manner as that it may have effect, and not be found vain and illusive. Potters Dwarris, p. 128. The same author on page 144 says " that statutes must be interpreted according to the intent and meaning, and not always according to the letter, and whenever the intent can be discovered, it should be followed with reason and discretion, though such construction seem contrary to the letter of the statute ; this is the rule when the words of the statute are obscure." And whenever any words of a statute are doubtful or obscure, the intention of the legislature is to be resorted to in order to find the meaning of the words. *U. S.* v. *Freeman,* 3 Howard, 565.

Applying these rules of exposition to the act in question, as it stands amended, it is evident it was the intention of

the legislature to make it a penal offence, to wilfully break into a store house where merchandise, &c., is kept, or into an uninhabited house, or to wilfully enter into a dwelling house in the night otherwise than by breaking, with intent to commit a felony.

Of the object and intent of the amendment to the act, there can be no doubt. The law had already provided for the punishment of burglariously breaking into a dwelling house in the night time with intent to commit a felony; but there was no law which made it a penal offence to enter a dwelling house in the night by other means than a burglarious breaking with intent to commit a felony, as was illustrated by the case of *State* v. *Henry*, 9 Ired., 463, in which it was held not to be burglary where the owner, by the stratagem of the trespasser, was decoyed to a distance from his house, leaving his door unfastened, and his family neglected to fasten it after his departure, and the trespasser after a few minutes entered the house without breaking any part, but through the unfastened door, with intent to commit a felony. It was the object and intent of the amendment to make cases like this indictable. And when the intention of the legislature is so manifest, it is the duty of the courts to effectuate that intention, if it is possible to do so, by any reasonable construction, however obscure and ambiguous the language of the statute may be.

Governed by this principle, we therefore hold that the act must be construed as if it read, " or *to enter* into a dwelling house in the night otherwise than by breaking." The words *to enter* must be supplied by intendment to bring sense out of the amendment and subserve the purpose of the law makers.

There is error. The judgment of the court below is reversed. Let this be certified that further proceedings may be had in conformity to this opinion and the law.

Error.                                          Reversed.