STATE v. GREEN SPENCER.

(Filed 8 June, 1923.)

**1. Criminal Law—Intoxicating Liquor—Evidence—Circumstance.**

Upon the trial of defendant for having intoxicating liquor in his possession for the purpose of sale, testimony of a witness that defendant had come to his store smelling strongly of whiskey, and seemed nervous, is not objectionable when it is a circumstance in the chain of evidence sufficient to convict him.

**2. Criminal Law — Concealed Weapons — Evidence—Incriminatory Evidence—Constitutional Law.**

It is not in contravention of the provisions of our Constitution for the State to require a defendant on trial for carrying a concealed weapon to testify whether he had it in a holster on the occasion concealed under his arm when the defendant had taken the stand to testify in his own behalf, the law as to self-incriminatory evidence not applying under the circumstances.

**3. Criminal Law—Evidence—Admissions—Instructions—Contentions.**

It is not error for the trial judge to recite in his instructions to the jury as a contention of the State an admission made by defendant that he had carried a concealed weapon, upon his trial for that offense.

**4. Criminal Law—Concealed Weapons—Evidence—Statutes.**

Time is not the essence of the offense of carrying a concealed weapon, and it may be shown at a previous time to that alleged in the bill. C. S., 4625.

**5. Constitutional Law—Intoxicating Liquors—Punishments—Sentence.**

The duration of the sentence for a misdemeanor is within the sound discretion of the trial judge when no limitation is fixed by law; and a sentence of two years imprisonment for violating the prohibition law is not objectionable as a cruel and unusual punishment, prohibited by the Constitution.

APPEAL by defendant from *Shaw, J.,* at March Term, 1923, of FORSYTH.

The defendant was convicted at March Term, 1923, of Forsyth upon an indictment charging him with carrying a concealed weapon, and upon the charge of having in his possession intoxicating liquors for the purpose of sale. He was convicted of both charges and was sentenced to a term of two years on the public roads on the charge of violating the prohibition law and ninety days on the public roads on the conviction of carrying a concealed weapon, the sentence in the latter case to be concurrent with that in the other. In each case the defendant was not to wear a felon's stripes. The defendant made no motion for nonsuit. Appeal.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*W. T. Wilson for defendant.*

CLARK, C. J. The defendant's exceptions 1 and 2 are to the admission of testimony that one night about 11 o'clock the defendant came to the store of the witness to get something to eat, and while there smelled strongly of whiskey, seemed nervous, and asked how far it was to Walkertown. The defendant's counsel in his brief claimed this evidence was not admissible. It was, however, merely a circumstance in the chain of evidence which was that the next morning after this visit to the store the witness found the car broken down right below the store, and by the time he got close to it he could smell whiskey round there. He found in the car tow sacks soaked with whiskey, and noticed tracks leading from the car around the edge of a tobacco patch. There had been apparently two or more trips going and coming. He traced these tracks about 75 yards from the broken-down car, and there he found 79 half-gallon fruit jars filled with whiskey.

Exceptions 3 and 4 are that the defendant, in his cross-examination, testified that he carried his pistol in a holster near his codefendant Martin's house, and he left it there the morning he was arrested. The solicitor then asked this question: "You went up there Saturday and carried your pistol in a holster under your arm?" Defendant objected. Defendant's objection overruled, and he answered, "Yes." There is nothing in this exception, because when he put himself on the witness stand he was subject to cross-examination. The pistol was discovered covered up with pine leaves about 50 or 75 yards up the road from the liquor. The weapon was not found upon Spencer, and no liquor was found upon him. The provision in the Constitution that no one shall be compelled to give evidence against himself does not apply when the defendant voluntarily puts himself on the stand. Neither was it error for the court to recite that the State contended that according to the

defendant's own admission on the stand he went to the house and carried his pistol with him in his holster under his arm.

The defendant excepted because the court charged that if the jury found "beyond a reasonable doubt from the testimony that the defendant had concealed that pistol with the intent to conceal it," he would be guilty. The State is not confined to any one time, but could show that the offense was committed at any time prior to 26 February, the time alleged in the bill, for the State can allege one time and prove another. C. S., 4625, provides that in cases like this where time is not an essence of defense it is not error to omit to state the time in the indictment, or to state it imperfectly, or to state the occurrence as having happened on an impossible day, or a day subsequent to filing the indictment. The evidence as to carrying the pistol at the time the car broke down was very strong evidence that the defendant had it at that time.

In *S. v. Lawhorn,* 88 N. C., 634, it was held that the defendant waived the privilege of refusing to answer questions which tended to incriminate him by going upon the stand to testify in his own behalf. This has been since approved in *S. v. Thomas,* 98 N. C., 599; *S. v. Allen,* 107 N. C., 805; *S. v. Simonds,* 154 N. C., 197. In the latter case it is held that by going upon the stand in his own behalf the defendant waived the constitutional privilege not to answer questions tending to incriminate himself, both as to other and distinct crimes, as well as to prove the offense with which he stands charged.

The last assignment of error is that the court inflicted cruel and undue punishment upon this defendant in sentencing him to two years imprisonment for violation of the prohibition law, but it has always been held that when there is no limitation to the punishment for misdemeanor, this matter is in the sound discretion of the court, and two years for this offense is not excessive nor unusual. *S. v. Farrington,* 141 N. C., 845, citing *S. v. Hicks,* 101 N. C., 747; *S. v. Miller,* 94 N. C., 904. An offense of this kind, which is committed deliberately with premeditation and for the purpose of making a profit at the expense of a contemptuous violation of the law is not excessively punished by a sentence to the roads for two years. Both by the State and Federal law, the second offense against the prohibition law, if in respect of manufacturing liquor, or assisting to do so, and the same is true of selling liquor in certain cases, *S. v. Mull,* 178 N. C., 748, is a felony punishable by imprisonment in the penitentiary.

No error.