STATE v. GEORGE DALTON.

(Filed 24 April, 1929.)

**Criminal Law G c—Right to impeach credibility of defendant's testimony.**
Where a defendant in a criminal action testifies in his own behalf the credibility of his testimony is subject to impeachment, and it is competent for the State to ask him on cross-examination whether there was then a warrant out for him from the Federal Court, when relating only to his credibility as a witness.

APPEAL by defendant from *Shaw, J.*, and a jury, at Fall Term, 1928, of STOKES. No error.

The bill of indictment charged the defendant with (1) the manufacture of intoxicating liquors; (2) having intoxicating liquors in his possession; (3) having intoxicating liquors in his possession for the purpose of sale. The jury rendered a verdict of guilty "in manner and form as charged in the bill of indictment."

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*W. Reade Johnson for defendant.*

CLARKSON, J. The defendant, George Dalton, was a witness in his own behalf. On cross-examination the following question was asked him: "Q. There is a warrant out for you now from the Federal Court against you?" The defendant objected; the objection was overruled and the defendant excepted and assigned error. The defendant answered "Yes, I guess there is." This is the sole assignment of error in the record.

This matter was thoroughly discussed in *S. v. Maslin*, 195 N. C., at p. 540. In that case, on cross-examination, for the purpose of impeachment, the defendant was asked whether he was then under indictment for abstracting and embezzling funds belonging to the Merchants Bank and Trust Company, for the embezzlement of trust funds deposited in the same bank by the Snipes estate, and for receiving into the bank cer-

tain moneys for deposit when he knew the bank was insolvent. His objection to each question was overruled and to each, reserving his exceptions, he gave an affirmative answer. In that case it was held that the questions were competent.

In the case of *S. v. Wiggins,* 171 N. C., 813, the question asked, "If he had not been accused of stealing a certain person's hogs," was properly excluded. Note the question was not whether he had been convicted.

A warrant is issued from a court and has to be sworn to. We think the evidence competent. *S. v. Jeffreys,* 192 N. C., 318.

No error.