## STATE v. PAUL JORDAN.

(Filed 12 December, 1934.)

**1. Criminal Law G r—State is bound by testimony of defendant elicited on cross-examination as to matters collateral to charge and which do not tend to show motive, temper, etc., toward cause or parties.**

Defendant, on trial for receiving stolen goods knowing them to have been stolen, testified on cross-examination by the State that he had not stated he sold liquor, and that he had not been selling liquor: *Held,* the State was bound by defendant's testimony on cross-examination in response to the collateral questions relative to his selling liquor and was precluded from contradicting it by testimony of other witnesses that defendant had stated he sold liquor to everyone in the county.

**2. Criminal Law G j—**

When a defendant voluntarily becomes a witness in his own behalf he has the same privileges and position, and is equally liable to be impeached or discredited, as any other witness.

**3. Criminal Law L e—**

The admission of incompetent testimony tending to disprove a defendant's testimony in his own behalf as to a matter collateral to the charge upon which he is tried cannot be held harmless, since it would tend to discredit his testimony relative to his innocence of the charge.

**4. Criminal Law G b—**

In a prosecution for receiving stolen goods knowing them to have been stolen, testimony that defendant sold liquor is incompetent as substantive proof, even of the intent to commit the crime charged.

APPEAL by the defendant from *Clement, J.,* at July Term, 1934, of RICHMOND. New trial.

The facts pertinent to the appeal are set forth in the opinion.

*J. C. Sedberry for appellant.*
*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Bruton for the State.*

SCHENCK, J. The charge in the bill upon which the defendant was tried and convicted was that of feloniously receiving stolen goods, knowing them to have been stolen.

Upon cross-examination the defendant testified as follows:

"I am not a liquor seller; I don't say I sold liquor. I drink liquor. I have not sold liquor around up there. I don't know that I have sold any—just gone out and sold it. I have not sold it anywhere. If I said to the officers that I sold liquor to everyone in my county except the preacher, and gave him half a gallon, I was out of my head. I said if they could get anyone to say a hard word about me—all that you can get

anyone to say about me is that I sold liquor. If I said that the sheriff of Randolph County knew that I was selling liquor, or anything like that, I did not know what I was saying. I was not drunk that night. . . . I said, 'If anyone says anything about me, they might say I sold liquor.' I have not been selling liquor."

After the defendant had closed his evidence, one West, a witness for the State, over the objection of the defendant, was permitted to testify: "I did not hear it at his (defendant's) home, but heard it after he was put in jail. I was asking him about this tobacco and stuff and he said no one could say anything against him only that he sold whiskey, and everyone knew it, and he sold it to everyone but the preacher, and the preacher come over there about two weeks ago and he gave him a half a gallon, and the preacher tried to give him $2.00, and he gave him the money back." And one Finch, also a witness for the State, over objection of the defendant, was permitted to testify: "He (defendant) was down in jail that morning and one of the boys was getting a mattress for him, and he said anyone could say nothing against him except that he sold liquor, and he sold it to most everyone except the preacher, and the preacher come over there and wanted some and he gave him a jar and he offered him $2.00 for it and he gave him the money back."

The testimony of the defendant as a witness in his own behalf to the effect that he had not sold liquor or in any way dealt in liquor, and that he had not told anyone he had sold or dealt in liquor was entirely collateral to the offense with which he was charged, namely, that of feloniously receiving stolen goods, knowing them to have been stolen, and the State having elicited such testimony upon cross-examination was bound thereby and precluded from contradicting it.

The general rule is that answers made by a witness to collateral questions on cross-examination are conclusive, and that the party who draws out such answers will not be permitted to contradict them; which rule is subject to two exceptions, first, where the question put to the witness on cross-examination tends to connect him directly with the cause or the parties, and second, where the cross-examination is as to a matter tending to show motive, temper, disposition, conduct, or interest of the witness toward the cause or parties. *S. v. Patterson,* 24 N. C., 346; *S. v. Davis,* 87 N. C., 514; *Cathey v. Shoemaker,* 119 N. C., 424; *In re Craven's Will,* 169 N. C., 561. It is clear that the testimony of the defendant elicited on cross-examination is not within either of the exceptions to the general rule, since its sole purpose was to disparage and discredit the witness.

When the defendant voluntarily became a witness in his own behalf, he occupied the same position, was entitled to the same privileges and protection, and was equally liable to be impeached or discredited as any other witness. *S. v. Efler,* 85 N. C., 585.

In view of the rule enunciated by this Court, we are of the opinion that his Honor erred in admitting the testimony of the witnesses West and Finch to contradict the defendant's testimony as to facts collateral to the issue involved; and we cannot agree with the suggestion that the admission of such testimony was harmless error, since it at least laid the defendant's testimony, as a witness in his own behalf, open to the implication of *"falsum in uno, falsum in omnibus,"* and could easily have discredited his testimony in the minds of the jurors. .

We are aware that in certain instances evidence of the commission of other offenses by the defendant will be heard to prove the intent of the offense with which he is charged. However, the violation of a prohibition statute, concerning which the witnesses West and Finch testified, is a distinct and independent offense from feloniously receiving stolen goods, knowing them to have been stolen, with which the defendant was charged, and the transactions were in no wise so connected or contemporaneous as to form a continuing action, and evidence of the former was therefore inadmissible to prove even the intent of the latter. *S. v. Smith,* 204 N. C., 638, and cases there cited.

Since there must be a new trial for the error assigned, it becomes unnecessary for us to discuss the other questions raised on this appeal. We do, however, hold that his Honor was correct in overruling the defendant's demurrer to the evidence and motion to dismiss the action.

New trial.