15030

STATE v. LANGSTON ET AL.

(11 S. E. (2d), 1)

October, 1939.

*Mr. Grover C. Powell,* for appellants,

*Messrs. S. W. Watt, Solicitor* and *C. Y. Brown,* for respondent.

March 2, 1940.

The opinion of the Court was delivered by MR. E. C. DENNIS, ACTING ASSOCIATE JUSTICE.

This case originated in the Court of the magistrate of Spartanburg County, the defendants being charged with breach of the peace. They were tried before a jury in the magistrate's Court and convicted and sentenced. The appeal from the magistrate's Court was heard by Judge Gaston while presiding in the Court of General Sessions in Spartanburg County, and, by an order dated October 27, 1939, he affirmed the judgment and sentence of the magistrate's Court and dismissed the appeal. It seems from reading the testimony that the defendants belong to a sect known as "Jehovah's Witnesses", and that they were undertaking to propagate their belief in a most unusual way. On the Sunday morning in question there was evidence that they would go upon the premises and on the piazzas of private homes and play victrola records and cause crowds to gather around and that they also used a car with a loud speaker which they drove about the streets announcing their religious beliefs to the public generally. In a very long brief filed by the attorneys for these defendants, the brief covering 59 pages, it is attempted to bring into this case the question of freedom of religion and freedom of the press, and the greater part of the brief is devoted to these two questions, with many citations of authority. This question in no way entered into the case, for the magistrate distinctly made such ruling, and in submitting the case to the jury no such element was permitted to enter into the jury's consideration.

In this State there are so many religious beliefs, so varied in what they teach and with such great difference, that one

of the most fruitful, and yet fruitless, sources of argument is some theological question. It certainly cannot be said that there is not in this State an absolute freedom of religion. A man may believe what kind of religion he pleases or no religion, and as long as he practices his belief without a breach of the peace, he will not be disturbed.

The attorney representing these defendants before the magistrate, and before the Circuit Court, and before this Court is a lawyer from Atlanta, Georgia, who is unfamiliar, probably, with the method of bringing exceptions to this Court. On page 2 of the Transcript of the Record there begins a statement of exceptions which goes through page 5. The first 18 of them seem to be a repetition of his grounds of appeal from the magistrate's Court, the last five impute error to Judge Gaston. The Circuit Judge held as follows:

" 'In general terms, a breach of the peace is a violation of public order, a disturbance of public tranquility, by any act or conduct inciting to violence.' Annotation to case of *Kansas v. Herbert*, 48 A. L. R., 85.

"By 'peace', as used in the law in this connection, is meant the tranquility which is enjoyed by the citizens of a * * * community, where good order reigns among its members, which is the right of all persons in political society. * * * It is not necessary that the peace be actually broken to lay the foundation of a prosecution for this offense. If what is done is unjustifiable, tending with sufficient directness to break the peace, no more is required.'

"Under this definition, it is my opinion that there was ample testimony to submit to the jury."

The above statement of law is not only supported by the authorities cited, but is supported by many other authorities as set forth in 8 R. C. L., page 284. Exceptions 19, 20 and 21 impute error to the Circuit Judge in sustaining the judgment of the magistrate because the verdict is contrary to the evidence and without

evidence to support it, and that the judgment of the magistrate is against the weight of the evidence, and is contrary to law and the principles of justice. There was ample evidence in the record to sustain this ruling, and therefore, this Court will not interfere with it. Exception 22, charging error in the order of the presiding Judge, setting forth facts in Paragraph 2 of the order, cannot be sustained as the testimony would have sustained even stronger finding than that made by the presiding Judge. The 23rd exception is that the prosecution failed to prove the venue. This question was raised first on appeal to this Court. The testimony shows that the disturbance took place at Drayton Mills, that the officers, including the magistrate and others, were officers of Spartanburg County, and the Court will take judicial notice of the fact that Drayton Mills is in Spartanburg County, even though it may not have been necessary for this Court to pass on this question raised for the first time upon this appeal.

After a careful study of the record in this case and of the law cited, the irresistible conclusion is that these defendants had a fair and impartial trial and that the order of Judge Gaston was fully sustained by the record, and is affirmed.

MR. CHIEF JUSTICE BONHAM, MR. JUSTICE FISHBURNE and MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL concur.