STATE v. MARY NEAL, ALIAS MARY GARDNER.

(Filed 8 January, 1943.)

**1. Homicide §§ 20, 21—**

Where defendant was charged with murder by cutting deceased with a knife, evidence was competent and material which showed that, after a prior difficulty on the night of the homicide between the same parties, the defendant repossessed the knife with which she shortly thereafter slew deceased, her conversation relative to the knife, her possession of same at the scene of the homicide, and that she said to deceased, if he did not let her see where she had before cut his hand, she would cut him to pieces.

**2. Criminal Law §§ 29b, 41b—**

In a criminal prosecution it has been uniformly held that the defendant, when on the stand as a witness, may be cross-examined as to infractions of the law, tending to show the commission of crimes, for the purpose of impeaching his credibility, provided such questions are based on information and asked in good faith, and the extent of such questions is largely in the sound discretion of the trial judge.

APPEAL by defendant from *Bobbitt, J.,* at September Term, 1942, of FORSYTH. No error.

The defendant was indicted for the murder of one Sidney Austin, Jr.

There was evidence offered by the State tending to show that on the night of 8 August, at the Cannonball Cafe in Winston-Salem, the defendant and the deceased became engaged in an altercation and fight, in the course of which the defendant was knocked down and the deceased received a cut on his hand. Later in the night they met again at another cafe and again quarreled. The deceased went out on the sidewalk and the defendant followed, with knife in her hand, and demanded to see where she had previously cut his hand. On his refusal to permit her to do so she fatally stabbed him. The defendant's testimony tended to show self-defense, or, at least, circumstances which would reduce the grade of the offense.

The jury returned verdict of guilty of murder in the first degree, and from judgment imposing sentence of death, the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*W. Avery Jones for defendant.*

DEVIN, J. The only assignments of error brought forward in the defendant's appeal relate to the rulings of the court in the admission of testimony. These will be considered in order.

1. The exception to the question propounded by the solicitor as to whether, on the occasion of the homicide, the defendant was drinking, and to the witness' reply that she did not appear to be, is untenable.

2. Evidence to the effect that after the first difficulty in the Cannonball Cafe, and after the deceased had left, the defendant insisted that another who had taken the knife from her should return it to her, was competent to show the repossession of the knife with which she shortly afterwards slew the deceased, and her conversation in respect to it was relevant and material.

3. The exception to the admission of testimony tending to show that when the defendant came out on the sidewalk at the scene of the homicide she had the knife in her hand, and that she said to the deceased if he did not let her see where she had cut his hand she would cut him to pieces, cannot be sustained.

4. The defendant assigns error in the action of the court in permitting the solicitor on cross-examination to question the defendant at length as to her various infractions of law, including cutting affrays, larceny, vagrancy, nuisance and violation of the prohibition law. It has been uniformly held, however, that witnesses may be asked questions tending to show the commission of other offenses for the purpose of impeaching their credibility, provided the questions are based on information and asked in good faith, *S. v. Broom, ante*, 324, and that whether the cross-examination goes too far or is unfair is a matter for the determination of the trial judge, and rests largely in his sound discretion. *S. v. Snipes*, 166 N. C., 440, 81 S. E., 409; *S. v. Little*, 174 N. C., 793, 94 S. E., 97; *S. v. Beal*, 199 N. C., 278 (298), 154 S. E., 604. In the case at bar the defendant admitted most of the impeaching questions as to her past derelictions, and her objection, when, on one point, the State offered to contradict her, was sustained. Furthermore, the court cautioned the jury that these questions were admitted for the purpose of impeaching her credibility and not for the purpose of proving other offenses. The questions objected to appear to have been competent under the rule, and the fact that the court permitted the solicitor to ask them may not be held for error, in the absence of showing of improper prejudice or abuse of discretion on the part of the trial judge, and the record fails to show either. There was no exception to the judge's charge.

We have examined the record carefully and are unable to find error in any ruling of the court of which the defendant can justly complain. While there was evidence on the part of the defendant tending to show a lesser degree of homicide, the jury has accepted the State's evidence with its more serious implications. As there was evidence to support

the verdict, we have no power, even if so disposed, to review the action of the jury.

In the trial we find

No error.