STATE v. JOHN EARL BROWN AND JAMES VAN DeLOACH.

(Filed 15 December, 1965.)

1. Criminal Law § 91—

Where a witness competently testifies that defendant offered to sell him a specified chattel, the fact that the witness incompetently adds that the chattel had been taken from a specified place, is not ground for a new trial when the court immediately withdraws the incompetent part of the testimony and instructs the jury not to consider it, the fact that the chattel had been stolen from the place specified being supported by ample, competent evidence.

2. Criminal Law § 122—

In a trial for a felony below a capital offense, whether the judge will sustain a motion for a mistrial is ordinarily within his discretion.

3. Criminal Law § 80—

Where a defendant takes the stand as a witness he may be cross-examined with respect to prior criminal convictions and prior indictments returned against him for similar or like offenses for the purpose of impeaching his credibility as a witness.

4. Burglary and Unlawful Breakings and Enterings § 7—

If any person feloniously breaks and enters or enters any storehouse, shop or other building where personal property is situate, with intent to commit the felony of larceny G.S. 14-72 does not apply, and such person is guilty of a felony notwithstanding the specified chattel taken from the building has a value of less than $200. G.S. 14-54.

BOBBITT, J., concurring.

SHARP, J., joins in concurring opinion.

APPEAL by defendants from Carr, J., May Regular Criminal Session 1965 of WAKE.

The defendants were tried upon a bill of indictment charging that (1) they did break and enter a building occupied by Oldham & Worth, Inc., a corporation, wherein merchandise, chattels, money and valuable securities were being kept, and unlawfully, wilfully and feloniously did break and enter with intent to steal, take, and carry away the merchandise, chattels, money and valuable securities of said Oldham & Worth, Inc.; and (2) did feloniously steal, take, and carry away a Monroe calculating machine of the value of $400.00, of the goods of said Oldham & Worth, Inc.

The State's evidence tends to show that at sometime after 12:00 noon Saturday, 27 March 1965, and before 7:15 a.m. Monday, 29 March 1965, the place of business of Oldham & Worth, Inc., in the City of Raleigh, North Carolina, had been broken into; that three vending machines had been broken into and a Monroe calcu-

lating machine had been taken; that the Monroe calculating machine cost Oldham & Worth, Inc., $400.00 on the date of its purchase several years prior thereto.

Leonard Yates, State's witness, testified that "(A)round the 28th or 29th of March (1965), they (defendants) came to my place of business, and wanted to know if I wanted to purchase an adding machine. They asked $15.00 for it. They did not have the machine with them at that time. * * * I told them I would buy it for a friend." Yates testified, and was corroborated by police officers, Jordan and Gregory, that he "had a conversation" with the police after having been approached by defendants, and related defendants' offer. The police "asked him (Yates) if he would get this machine for * * * (them) and he said he would." Yates further testified that the defendants returned to his place of business later the same day and he informed them he would buy the machine for a friend for $15.00. "They (defendants) said that they would have to go and get the machine and bring it back. They went and got the machine. My car was parked directly in front of the place (Yates' place of business) across the street; they (defendants) put the machine in the back of the front seat on the floor; then came over to the store. They warned me not to say anything or tell anyone where the machine came from or that I was buying it, but they would wait for the money if I would go get it." Yates then drove his car "a couple of blocks" to where the police were waiting, and turned the machine over to them. The machine was later identified as the machine which had been taken from Oldham & Worth, Inc., during the period between noon Saturday, 27 March 1965, and 7:15 a.m. Monday, 29 March 1965.

Evidence of defendant Brown was, in effect, that he had not been with defendant DeLoach "(f)rom Friday night, March 26 (1965) until Monday morning March 29 (1965) * * *"; that he had remained in the vicinity of his home throughout that weekend; and that he had never been in the place of business of Oldham & Worth, Inc., and had not stolen the Monroe calculating machine.

Evidence of defendant DeLoach was that he had been shot on late 26 March 1965 or early 27 March 1965 and had received treatment at a hospital and had remained in the vicinity of his home throughout the weekend of 26-28 March 1965. Defendant DeLoach's mother corroborated his testimony, and he denied ever having been in the place of business of Oldham & Worth, Inc., and also denied that he had stolen the calculating machine.

Expert witness for the defendants testified that the value of the Monroe calculating machine on 28 March 1965 was "about $125.00."

The jury returned the following verdict: "(T)hat each defendant is guilty of entering with the intent to commit a felony and larceny charged in the bill of indictment." From the judgment imposed, defendants appeal, assigning error.

*Attorney General Bruton, Deputy Attorney General Harrison Lewis, Trial Attorney Claude W. Harris for the State.*
*John V. Hunter, III, for defendants.*

DENNY, C.J. Defendants assign as error the action of the trial court in failing to declare a mistrial when Detective F. C. Gregory, witness for the State, testified with respect to a conversation between the officer and the State's witness Leonard Yates, as follows:

"Q. State the nature of that conversation, if you will.
"A. It was late in the afternoon that I talked with Mr. Yates down on South Street. He stated to me that he had been approached by John Earl Brown wanting to sell him an adding machine that came out of the Oldham & Worth place."

Objection and motion to strike. The motion was allowed and the jury instructed as follows:

"Gentlemen of the jury, you will not consider that part of his statement to the effect that Mr. Yates told him that Brown approached him about selling him an adding machine that came out of any particular place of business. You may consider that Mr. Yates told him that Brown approached him about selling him an adding machine."

Defendants' counsel then moved for a mistrial on the ground that the evidence was highly prejudicial and was not cured by the court's instruction. The motion was denied.

"Ordinarily, when evidence is withdrawn by the court and the jury instructed not to consider it, any error in its admission is averted." Strong's North Carolina Index, Criminal Law, § 91, citing numerous cases, among them, *S. v. Grundler,* 251 N.C. 177, 111 S.E. 2d 1; *S. v. Green,* 251 N.C. 40, 110 S.E. 2d 609; *S. v. Campo,* 233 N.C. 79, 62 S.E. 2d 500; and *S. v. Strickland* 229 N.C. 201, 49 S.E. 2d 469.

The power of the court to withdraw incompetent evidence and to instruct the jury not to consider it, has been recognized and approved scores of times by this Court. The exception to this method

of procedure is where it appears from the entire record that the prejudicial effect of the stricken evidence was not or probably could not be removed from the minds of the jury by the court's instruction. *Smith v. Perdue*, 258 N.C. 686, 129 S.E. 2d 293. In the instant case, the State offered ample evidence, exclusive of the evidence which was stricken, which, if believed, was sufficient for the jury to find that the adding machine sold to Yates by the defendants was taken from the place of business of Oldham & Worth, Inc.

On a trial for a felony below a capital offense, whether a judge will sustain a motion for a mistrial is ordinarily within his discretion. Therefore, this assignment of error is overruled.

The defendants also assign as error the admission in evidence, upon the cross-examination of defendant Brown by the Solicitor, the following:

> "Q. Have you ever been charged with armed robbery or indicted for armed robbery?
> "A. Yes.
> "Q. When was that?
> "A. That was in 1962.
> "Q. How many times have you been indicted for breaking and entering?
> "A. Once. * * *
> "Q. Were you indicted in January of 1965 for breaking and entering?
> "A. Yes, I was.
> "Q. Were you indicted in 1953 for breaking and entering?
> "A. No, I was not."

To each of the foregoing questions defendants' counsel objected. The objections were overruled and the defendants excepted.

When a defendant takes the stand as a witness in his own behalf, he "may be cross-examined with respect to previous convictions of crime, but his answers are conclusive, and the record of his convictions cannot be introduced to contradict him." Stansbury's North Carolina Evidence, 2nd Ed., § 112; *S. v. Cureton*, 215 N.C. 778, 3 S.E. 2d 343; *S. v. Howie*, 213 N.C. 782, 197 S.E. 611; *S. v. Maslin*, 195 N.C. 537, 143 S.E. 3. Likewise, he may be cross-examined with respect to indictments returned against him for similar or like offenses. *S. v. Maslin, supra.*

In the case of *S. v. Maslin, supra*, the State asked the defendant, who was on trial for embezzlement, if "he was then under indictment for abstracting and embezzling funds belonging to the Merchants Bank and Trust Company, for the embezzlement of trust

funds deposited in the same bank by the Snipes estate, and for receiving into the bank certain moneys for deposit when he knew the bank was insolvent." Defendant's objection to each question was overruled, and to each, reserving his exceptions, he gave an affirmative answer. This Court, speaking through Adams, J., said:

"When the defendant took the stand his status was two-fold — that of defendant and that of a witness. As a person accused of crime his character could not be evidenced by the State until he had put it in issue; but as a witness, his character was subject to impeachment.

"* * * (A)n indictment duly returned as a true bill, while in a sense an accusation, is much more than a bare charge: it is an accusation based upon legal testimony and found by the inquest of a body of men, not less than twelve in number, selected according to law and sworn to inquire into matters of fact, to declare the truth, and as preliminary to the prosecution to find bills of indictment when satisfied by the evidence that a trial ought to be had. * * *."

In *S. v. Howie, supra,* the defendant was convicted of rape, and on appeal assigned as error the ruling of the trial court in permitting the State on cross-examination to ask him whether he and another had been indicted for raping another woman on a certain date. The court held the question was permissible under the decisions of this Court, citing *S. v. Maslin, supra.*

In the case of *S. v. Cureton, supra,* the defendant assigned as error the ruling of the trial court in permitting the State on cross-examination to ask the defendant whether he had been indicted as an accessory in another killing. This Court said: "The rule is. 'The party himself, when he goes upon the witness stand, can be asked questions as to particular acts impeaching his character, but as to other witnesses it is only competent to ask the witness if he knows the general character of the party.' *S. v. Sims,* 213 N.C. 590."

Among other decisions supporting the view set out in the above cases are, *S. v. King,* 224 N.C. 329, 30 S.E. 2d 230; *S. v. Neal,* 222 N.C. 546, 23 S.E. 2d 911; *S. v. Broom,* 222 N.C. 324, 22 S.E. 2d 926; *S. v. Griffin,* 201 N.C. 541, 160 S.E. 826; *S. v. Dalton,* 197 N.C. 125, 147 S.E. 731; *S. v. Jeffreys,* 192 N.C. 318, 135 S.E. 32; and *S. v. Spencer,* 185 N.C. 765, 117 S.E. 803.

We hold that the questions propounded to defendant Brown were within the scope of legitimate cross-examination under our decisions. This assignment of error is overruled.

Defendants assign as error the following excerpts of the charge:

"The burden is on the State to satisfy you, the jury, beyond a reasonable doubt that the defendants entered the building of the said corporation with the intent to commit the felony of larceny." Exception No. 10.

"If the State has satisfied you beyond a reasonable doubt that the defendant John Earl Brown either broke or entered the said building of Oldham & Worth, Incorporated, with the intent to commit the felony of larceny, with intent to steal, take, and carry away property from that building belonging to the said corporation, after the building was entered, then it would be your duty to return a verdict of guilty of entering the said building with the intent to commit a felony as to the defendant John Earl Brown, as charged in the bill; if the State has failed to so satisfy you of those facts beyond a reasonable doubt then it would be your duty to return a verdict of not guilty as to that charge against the defendant John Earl Brown." (A similar charge was given with respect to defendant James Van DeLoach.) Exception No. 11.

Defendants contend it was error to charge that the defendants would be guilty if they broke into or entered the premises of Oldham & Worth, Inc., with the intent to commit the felony of larceny; that such instruction deprived them of the benefit of G.S. 14-72, which provides that the larceny of property, or the receiving of stolen goods knowing them to be stolen, of the value of not more than $200.00, is only a misdemeanor. Consequently, defendants claim they are entitled to a new trial since the jury was not required to find the value of the adding machine involved.

The contentions of the defendants require an examination and consideration of the provisions of G.S. 14-54 and G.S. 14-72.

G.S. 14-54 reads as follows:

"If any person, with intent to commit a felony or other infamous crime therein, shall break or enter either the dwelling house of another otherwise than by a burglarious breaking; or any storehouse, shop, warehouse, banking house, counting house or other building where any merchandise, chattel, money, valuable security or other personal property shall be; or any uninhabited house, he shall be guilty of a felony, and shall be imprisoned in the State's prison or county jail not less than four months nor more than ten years. Where such breaking or entering shall be wrongfully done without intent to commit a felony or other infamous crime, he shall be guilty of a misdemeanor."

G.S. 14-72 provides as follows:

"The larceny of property, or the receiving of stolen goods knowing them to be stolen, of the value of not more than two hundred dollars, is hereby declared a misdemeanor, and the punishment therefor shall be in the discretion of the court. If the larceny is from the person, or from the dwelling or any storehouse, shop, warehouse, banking house, counting house, or other building where any merchandise, chattel, money, valuable security or other personal property shall be, by breaking and entering, this section shall have no application: * * *. In all cases of doubt the jury shall, in the verdict, fix the value of the property stolen."

In our opinion, and we so hold, the provisions of G.S. 14-72 apply to the crime of larceny where there is no charge of breaking and entering or breaking or entering involved. In such cases, it is incumbent upon the State to prove beyond a reasonable doubt that the property stolen had a value in excess of $200.00 in order for the punishment to be that provided for a felony. On the other hand, if the value of such property is found to be of the value of not more than $200.00, or less, such larceny is only a misdemeanor and punishable as such.

Under the provisions of G.S. 14-54, if any person breaks and enters or enters any storehouse, shop or other building where any merchandise, chattel, money, valuable security or other personal property shall be, with the intent to commit the felony of larceny, he shall be guilty of a felony. However, in order for the larceny of personal property of the value of $200.00, or less, to be a felony, it must be stolen from the person or from a building feloniously broken into or entered, and the indictment should so charge. In such a situation the provisions of G.S. 14-72 have no application.

As pointed out by Bobbitt, J., in the case of S. v. Cooper, 256 N.C. 372, 124 S.E. 2d 91, the General Assembly amended G.S. 14-72 by inserting after the word "dwelling" and before the words "by breaking and entering," these words: "or any storehouse, shop, warehouse, banking house, counting house, or other building where any merchandise, chattel, money, valuable security or other personal property shall be." 1959 Session Laws of North Carolina, Chapter 1285.

Justice Bobbitt further states in the above opinion:

"* * * It seems probable the General Assembly enacted the 1959 amendment to obviate the question considered in State v. Andrews, supra (246 N.C. 561, 99 S.E. 2d 745); for,

under this amendment, larceny by breaking and entering any building referred to therein is a felony without regard to the value of stolen property."

In *S. v. Mumford,* 227 N.C. 132, 41 S.E. 2d 201, the bill of indictment charged a nonburglarious breaking and entering of the residence of one J. N. Street. Barnhill, J., later C.J., traces the origin of the statute involved, points out the various amendments thereto, and then states:

"That section, now G.S. 14-54, is captioned 'Breaking into or entering houses otherwise than burglariously' and makes it a crime for any person, with intent to commit a felony therein, to break or enter the dwelling of another, otherwise than by a burglarious breaking; or any uninhabited house; or any storehouse or similar building where personal property shall be.

"Thus from the beginning, in respect to a dwelling, it is the entering otherwise than by a burglarious breaking, with intent to commit a felony, that constitutes the offense condemned by the Act. A breaking is not now and has never been a prerequisite of guilt and proof thereof is not required. *S. v. McBryde,* 97 N.C. 393; *S. v. Hughes,* 86 N.C. 662; *S. v. Chambers,* 218 N.C. 442, 11 S.E. 2d 280.

"Under the statute it is unlawful to break into a dwelling with intent to commit a felony therein. It is likewise unlawful to enter, with like intent, without a breaking. Hence, evidence of a breaking, when available, is always relevant, but absence of such evidence does not constitute a fatal defect of proof."

The above opinion was followed and approved in *S. v. Best,* 232 N.C. 575, 61 S.E. 2d 612, and in *S. v. Vines,* 262 N.C. 747, 138 S.E. 2d 630.

To the extent this opinion conflicts with the opinion in *S. v. Andrews,* 246 N.C. 561, 99 S.E. 2d 745, that opinion is modified.

The remaining assignments of error are overruled and the result of the trial below will be upheld.

No error.

BOBBITT, J., concurring: G.S. 14-72 provides, subject to exceptions set forth, that larceny is punishable as a misdemeanor where the value of the stolen goods is $200.00 or less. At common law, both grand larceny and petit larceny were felonies. *S. v. Cooper,* 256 N.C. 372, 124 S.E. 2d 91. Under the common law, as amended by G.S. 14-72, larceny is punishable as a felony, notwithstanding the value of the goods stolen is $200.00 or less, if the larceny is

from the person or is accomplished by breaking *and* entering one of the buildings described in G.S. 14-72.

If an indictment charges the larceny of property of a value in excess of $200.00, but fails to charge the larceny was accomplished by breaking *and* entering one of the buildings described in G.S. 14-72, "it is incumbent *upon the State* to prove beyond a reasonable doubt that the value of the stolen property was more than $200.00; and, this being an essential element of the offense, it is incumbent upon the trial judge to so instruct the jury." *S. v. Cooper, supra; S. v. Holloway,* 265 N.C. 581, 583, 144 S.E. 2d 634.

On the other hand, if the larceny indictment charges that the larceny was accomplished by means of breaking *and* entering one of the buildings described in G.S. 14-72, and the jury so finds, the crime is punishable as a felony without reference to whether the indictment charges or the jury finds the value of the stolen goods was more than $200.00.

G.S. 14-72 relates solely to punishment for the separate crime of larceny. It relates to G.S. 14-54, if at all, only under very unusual circumstances. See *S. v. Andrews,* 246 N.C. 561, 99 S.E. 2d 745. Under G.S. 14-54, if a person breaks *or* enters one of the buildings described therein with intent to commit the crime of larceny, he does so with intent to commit a felony, without reference to whether he is completely frustrated before he accomplishes his felonious intent or whether, if successful, the goods he succeeds in stealing have a value in excess of $200.00. In short, his criminal conduct is not determinable on the basis of the success of his felonious venture.

The doctrine of *S. v. Andrews, supra,* can have no application unless it appears affirmatively from the indictment and evidence that the breaking *or* entering was with intent to steal specific identifiable property of the value of $200.00 or less and no other property.

For the reasons indicated, I agree there was no error in relation to the first count. As to the second count, I think there was error in respect of the matter discussed below.

The second count charged larceny of a Monroe Calculating Machine valued at $400.00. It did not charge the larceny was accomplished by means of breaking *and* entering. The evidence was conflicting as to whether the value of the Monroe Calculating Machine exceeded $200.00. Under these circumstances, the court charged the jury that the value of the stolen goods was immaterial if the larceny was accomplished after *entering* the building with intent to commit a felony.

The instruction was erroneous in two respects: (1) The allegations of the second count did not warrant such an instruction; and (2) larceny of property valued at $200.00 or less is punishable as a felony only when accomplished by means of breaking *and* entering.

The jury returned a verdict of "guilty of entering with the intent to commit a felony and larceny charged in the bill of indictment." One judgment was pronounced, to wit, a judgment that each defendant "be imprisoned in the State's Prison for a term not less than five years nor more than seven years each."

It would seem that, under our decisions, see *S. v. Smith*, 226 N.C. 738, 40 S.E. 2d 363, and *S. v. Hoover*, 252 N.C. 133, 113 S.E. 2d 281, error relating solely to the second (larceny) count is considered immaterial because the judgment, when related solely to the verdict of guilty as to the first count, is well within the maximum permissible limits. Hence, with the foregoing explanation, I concur in the decision.

SHARP, J., joins in this concurring opinion.