STATE OF NORTH CAROLINA v. THOMAS F. WILLIAMS.

(Filed 25 May, 1966.)

**1. Searches and Seizures § 1—**

Where the evidence supports the court's findings that defendant freely and voluntarily and without any coercion or duress consented to a search of his house without a warrant, the evidence supports the conclusion that defendant waived the search warrant, rendering competent the evidence obtained by such search, and defendant's contention that he consented to the search because of intimidation resulting from the number of officers descending upon and surrounding his home in the middle of the night, is feckless.

**2. Larceny § 10—**

Indictments for larceny which do not aver that the property was taken from any storehouse and do not aver that the value of the property taken exceeds $200, charge misdemeanors only, and sentences of not less than

three nor more than five years must be vacated and the cause remanded for proper sentence.

MOORE, J., not sitting.

BEFORE *Johnson, J.,* January 1965 Criminal Session of DURHAM Superior Court. Defendant appeals.

The defendant was charged with breaking and entering six places of business in Durham County and the larceny of various articles of personal property from each, committed over a period of about six weeks in the fall of 1962. The cases were consolidated for trial and the defendant was found guilty of storebreaking and of larceny in each of the six cases. Prison sentences were imposed which will be considered in the opinion.

The defendant was originally tried at the December 1962 Term in Durham Superior Court at which time he was convicted and sentenced to serve seven to ten years in the State's Prison. In January 1965 the defendant was granted new trials because upon the original trial "he was not represented by counsel and did not have an opportunity to prepare adequate defense for the charges against him."

Before pleading to the bills of indictment in January, 1965 the defendant moved to quash them and to suppress the evidence by reason of his contention that "all evidence upon which the indictments was *(sic)* obtained, and all the evidence (they) procured, resulted from a mass raid on this man's home without a search warrant." The court overruled this motion and the trial proceeded. During the trial, the court excused the jury and permitted the defendant to examine the State's witnesses on the question of the "warrantless" search and also heard the defendant's statement about the matter. The court found as a fact "that the search of the residence and surrounding premises of the defendant * * * was in all respects a legal and valid search * * * that it was made by the officers after the defendant had invited them into his home and stated to them that they could search his house and premises; that he consented to said search freely and voluntarily without any coercion or duress, whatever, and that their testimony as to the property found in consequence of said search is admissible in evidence."

There was ample evidence to sustain the facts found by the presiding judge but the defendant brings forward his exceptions with relation to the evidence of the officers.

*W. G. Pearson, II, Attorney for defendant appellee.*

*T. W. Bruton, Attorney General, Andrew A. Vanore, Jr., Staff Attorney for the State.*

PER CURIAM. The defendant complains that seven officers descended upon his home on the night of November 11, 1962, some of them going to his front door while others went to the back entrance. He testified that the officers did not have a search warrant; that no one said anything to him about one, neither did he ask about one, and even if he had given permission for the search of his premises at that time, it would have been because he was intimidated and frightened by the number of officers descending upon his home in the middle of the night; that this would not constitute a waiver of his right to require a search warrant; therefore, any testimony relating to finding of stolen property under these circumstances was incompetent. We cannot so hold and the exceptions relating thereto are not sustained.

Upon examination of the bills of indictment, it appears that they were drawn upon forms in general use by the solicitors, all of which contain three counts; one for storebreaking, the second for larceny and the third for receiving stolen property.

In the counts charging larceny, the property allegedly stolen is not described as having been taken from any storehouse, etc., and in none of the bills is the value of the property alleged to be more than $200.00. The consequence is that the conviction of the defendant upon these charges of larceny is in all instances a misdemeanor. *State v. Brown,* 266 N.C. 55, 145 S.E. 2d 297. In the first case, No. 7774, the court imposed a sentence of not less than three nor more than five years on the count charging storebreaking, and the same sentence on the count charging larceny; the latter to begin at the expiration of the sentence for storebreaking. In 7775 the court pronounced judgments on both counts to begin at the expiration of the sentences imposed in 7774 and in cases Nos. 7776, 7777, 7778 and 7779 the sentences pronounced were related to sentences imposed in 7774.

In view of the fact that the larceny counts, as written, are misdemeanors, it is necessary that the causes be remanded for appropriate judgments with the exception of the sentence of not less than three nor more than five years imposed for storebreaking in No. 7774.

It is so ordered.

Remanded.

MOORE, J., not sitting.